SAMUEL, Judge.
Plaintiff instituted this suit for personal injuries received in an automobile accident when his automobile was struck in the rear while stopped in traffic. Named defendants are the driver of the other vehicle involved, her husband, and their automobile liability insurer.
The matter is before us only on the issue of quantum. Plaintiff contends the award of $5,245 is an abuse of discretion in view of the serious injuries involved. He prays for an increase in the award. The injuries of which plaintiff complains are strain of neck which lasted for one month and tinnitus (ringing and buzzing in the ear), which manifested itself within one day of the accident and is permanent.
Plaintiff testified his neck muscles hurt after the accident and the following morning upon awakening he had a ringing noise in his ear. This noise (tinnitus) is with him constantly since the accident. He is a 43 year old college professor who spends much *545 time in the library because of his need for quiet surroundings. The only time he is not aware of the ringing and buzzing in his ear is when he is in deep concentration, such as reading a novel, in noisy places like an airplane or in heavy traffic, or at a party where people are talking and music is playing. If he consumes alcoholic beverages at a party, the following day the noises will be even louder. He is remodeling a house and must wear ear plugs while hammering, because the hammering affects the sound, making the ringing worse.
The tinnitus affects him professionally as he hears it while teaching class. He is also disturbed while listening to classical music, or performing chamber music.
The accident occurred on May 12, 1975. Dr. Gernon Brown testified he saw plaintiff on May 28, 1975, took a history, x-rays, and performed an orthopedic examination of the neck and back. Plaintiff complained of discomfort in those areas and tinnitus in his ears. Examination of the neck and back revealed no spasm and x-rays showed no fracture or dislocation. Dr. Brown concluded plaintiff had sustained a strain following the accident and advised plaintiff to return if the symptoms persisted. The doctor stated tinnitus is a common complaint after automobile accidents, but is outside the area of his specialty.
Plaintiff next consulted Dr. Harold G. Tabb, an ear, nose and throat specialist. Dr. Tabb testified: He examined plaintiff June 25 and July 24, 1975. His chief complaints were ringing in both ears, present since an automobile accident the previous month. It was more pronounced in the left ear. Examination was essentially normal with slight loss of hearing at 4,000 cycles per second. Hearing bilaterally for speech was within normal limits. Robaxin was prescribed for complaints of soreness of the neck muscles. On plaintiff’s return visit in July this complaint had subsided and no further treatment was deemed necessary.
An audiogram was repeated on the July visit and significant improvement was noted over the previous audiogram. When last seen November 29, 1977 plaintiff continued to complain of ringing in the left ear, still present since the May, 1975 accident.
Dr. Tabb stated ringing in the ears following an automobile accident is fairly common but if the accident is the cause it would appear immediately after the accident. Tinnitus can occur from many causes, which were described by the doctor. There is no objective test for tinnitus, since it is a subjective complaint. The doctor concluded that if plaintiff did have ringing in the ears at the time of trial, the condition, having lasted so long, would be permanent.
On September 9, 1975, plaintiff saw Dr. William A. Martin, a neurologist and a specialist in electrodiagnosis, a diagnostic procedure in which the nerves and muscles are tested electrically for evidence of neuro-muscular disease. Dr. Martin testified a history was taken and a neurological examination performed. Plaintiff had no discomfort of the neck, but noticed high pitched whistling in his ears bilaterally, aggravated by exertion.
The doctor found no neurological deficit or neurological etiology for tinnitus and was unable to detect any hearing loss. However, it must be noted, as indicated by the doctor, that he had only crude means of examining plaintiff’s hearing (listening to a watch tick, listening to a tuning fork). Plaintiff was given a prescription for buti-sol for the relief of tinnitus.
On January 30 and March 18,[1] 1976, plaintiff saw Dr. Charles I. Berlin, an audiologist (specialist in the measurement of auditory functions). On each occasion tests were performed to determine how acutely plaintiff heard and responded to the ringing sensations principally in the left ear. The doctor stated plaintiff had a slight hearing loss in the 4,000 cycle range. There was no change noted the second time the test was *546 given. A Bekesy Tracing test was performed to evaluate plaintiff’s hearing and to rule out the possibility of tumors.
The trial judge based his award of $5,000 for pain and suffering[2] on a neck injury of one month duration and “some form of ear disturbance which causes discomfort ‘which tends to be aggravated by exertion’ ”. He was impressed with medical evidence that tinnitus is a subjective complaint and may result from other causes, since plaintiff did not strike his head, suffer any vertigo (dizziness), headaches or hearing loss at the time of the accident, which is usually expected in tinnitus cases.
We agree that the medical evidence of plaintiff’s own physicians does not support a finding of serious medical impairment. Thus, we conclude that the trial court did not abuse the much discretion granted to it under C.C. Art. 1934(3).[3]
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. The report of Dr. Herbert W. Marks concerning otovestibular testing, ordered by Dr. Berlin, was introduced in evidence.

. Plus $245 medical expenses for a total of $5,245.

. See Gaspard v. LaMaire, 245 La. 239, 158 So.2d 149; Coco v. Winston Industries, Inc., La., 341 So.2d 332; Reck v. Stevens, La., 373 So.2d 498.